**Ralph BOEMIO, Plaintiff,**

v.

**LOVE'S RESTAURANT and Does 1 through 10, inclusive, Defendants.**

**Civil No. 96–1136 AJB.**

United States District Court, S.D. California.

Jan. 30, 1997.

Amy B. Vandeveld, Law Offices of Amy B. Vandeveld, San Diego, CA, for plaintiff.

Robert P. Lowell, Lowell and Robbin, San Diego, CA, for defendant.

Findings of Fact and Conclusions of Law

BATTAGLIA, United States Magistrate Judge.

This matter was called for trial on January 15, 1997 at 9:00 a.m. in Courtroom A of the above entitled court, the Honorable Anthony J. Battaglia, Magistrate Judge, presiding without a jury. Consent by the parties to trial by magistrate judge pursuant to 28 U.S.C. § 636(c) was filed. Plaintiff, Ralph Boemio, was represented by Amy Vandeveld, Esq. Defendant, Love's Restaurant, was represented by Robert Lowell, Esq. The issues tried in this matter are raised in the Complaint and Answer thereto, as well as the Stipulations of the parties resolving ADA compliance issues on the subject premises.

### *Background*

This is an action based upon claims of discriminatory practices by a public accommodation, negligence and intentional infliction of emotional distress. The Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1331, Federal Question jurisdiction, 28 U.S.C. § 1332, Diversity of Citizenship jurisdiction, and the Court's supplemental jurisdiction, 28 U.S.C. § 1367 (state law claims). Jurisdiction is also based on the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101–12111, 121811–184 and 12201, et seq. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and (c).

The general allegations surround Mr. Boemio's visit to the Love's Restaurant in San Diego on or about April 19, 1996. Plaintiff

suffers from a medical condition which requires that he use a motorized wheelchair. On the date in question, Plaintiff attempted to use the restrooms at the premises owned and operated by Defendant, and alleges that he was unable to do so because the restrooms were inaccessible to wheelchair users. As a result of the inaccessibility, Plaintiff alleges that he was forced to urinate in the restaurant parking lot.

Prior to trial, the parties entered into a Stipulation concerning remediation of ADA compliance issues on the premises as well as stipulations resolving the issue of attorneys fees and costs for Plaintiff's counsel, and the damage claim of Plaintiff, Bernard Snyder. The issues at trial were whether Plaintiff could access the bathroom facilities at the premises, and if not, whether Plaintiff, Ralph Boemio, suffered actual damages therefrom, and the amount of those damages.

### Findings of Fact

Having heard the oral testimony produced by parties, and the argument of counsel, and after reviewing the documentary evidence, the Court now makes the following findings based on the credible evidence and the reasonable inferences to be drawn therefrom. These findings are made based upon a preponderance of the credible evidence.

1. On or about April 19, 1996, Defendant, Love's Restaurant, operated the restaurant facility at 967 Camino del Rio South, San Diego, California.

2. On or about April 19, 1996, Defendant's restaurant was a public accommodation as contemplated by law and required to be accessible to physically handicapped persons.

3. On or about April 19, 1996, Plaintiff, Ralph Boemio, was lawfully on the premises of Defendant's restaurant.

4. Plaintiff, Ralph Boemio, is an otherwise qualified handicapped individual as provided in the relevant sections of the Americans with Disabilities Act, the California

Health and Safety Code, and the California Unruh Civil Rights Acts, respectively.

5. Plaintiff, Ralph Boemio, suffers from a medical condition which requires that he use a motorized wheelchair.

6. On or about April 19, 1996, while on Defendant's premises, Plaintiff, Ralph Boemio, attempted to use the restroom facilities, but was unable to do so because the restrooms were inaccessible to him.

7. The mens' restroom at the Love's Restaurant was totally inaccessible to wheelchair patrons.

8. The ladies' restroom was historically used by some disabled individuals with assistance from the restaurant staff.

9. The ladies' restroom entry door from the corridor provided a clear opening of 28 and ½ inches and the door from the foyer to the toilet area provided a clear opening of 28 inches [1], both in violation of the ADA Accessability Guidelines and/or California Title 24, building code requirements (32 inches required).

10. The doorway size and configuration and layout of the corridor to the restroom prevented reasonable access to the restroom facilities on Defendant's premises.

11. As a result of the inaccessibility, Plaintiff Ralph Boemio, had to urinate in the parking lot.

12. Plaintiff, Ralph Boemio, suffered actual damages in the form of mental anguish and humiliation as a result of the discrimination associated with the inaccessible bathrooms on Defendant's facility.

13. Plaintiff's actions in the parking lot were unwitnessed by third parties and unaccompanied by any mishap, injury, physical harm or property damage.

14. The reasonable value of the damages suffered by Plaintiff, Ralph Boemio, as a legal cause of Defendant's liability is one thousand dollars ($1,000.00), the statutory minimum applicable in this case.

1. The trial record was kept open to allow defendant the opportunity to submit additional evidence with regard to these portal openings. Defendants subsequently agreed that these measurements were correct. This agreement was reflected in Defense counsel's letter dated January 22, 1997.

15. Plaintiff, Ralph Boemio, and his personal assistants contributed to Plaintiff's mental anguish and humiliation through their statements and conduct on the premises.

### Conclusions of Law

A. *Plaintiff Has Made His Burden of Proof With Regard To His Claim of Discriminatory Practices By a Public Accommodation*

█ The ADA prohibits discrimination against any individual "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). A restaurant is clearly a public accommodation under the ADA. 42 U.S.C. § 12181(7)(B). A restaurant is also a public accommodation under California state law. Cal.Health and Safety Code § 19955 (West 1992). California law also specifically provides that sanitary facilities available to the public shall be made available for the physically handicapped. *Id.*

█ The remedies for a Title III ADA violation are set forth in section 204(a) of the Civil Rights Act of 1964. The remedies include injunctive relief and attorney's fees. Monetary damages are not recoverable by private Plaintiffs under the ADA. Monetary damages can result by virtue of a concurrent violation of state law or other actionable tort claim.

The Unruh Civil Rights Act, codified at California Civil Code Section 51, provides, in pertinent part:

All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or disability are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever ... A violation of the right of any individual under the Americans with Disabilities Act of 1990 ...

shall also constitute a violation of this section.

Cal.Civ.Code § 51 (West Supp.1996).

█ Civil Code Section 52 provides a damage remedy for violations of Section 51:

Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51 ... is liable for each and every offense for the actual damages, and any amount that may be determined by a jury ... up to a maximum of three times the amount of actual damages but in no case less than one thousand dollars ... and any attorney's fees....

Civ.Code § 52(a) (West Supp.1996).

Section 52(h) provides, in accordance with existing law, that "actual damages" means special and general damages. Civ.Code § 52(h) (West Supp.1996).

Civil Code Section 54.1 provides, in pertinent part:

Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of all ... places of public accommodation ... and other places to which the general public is invited....

Civ.Code § 54.1(a) (West Supp.1996).

Section 54.3 provides that "[a]ny person or persons, firm or corporation who ... interferes with the rights of an individual with a disability under sections 54.1 ... is liable for each offense for the actual damages and any amount as may be determined by a jury ... up to a maximum of three times the amount of actual damages but in no case less than one thousand dollars ... and attorney's fees...." Civ.Code § 54.3, (West Supp. 1996)[2].

█ An individual may initiate an action to enforce compliance with the handicapped access standards. To maintain an action for damages, however, an individual must take the additional step of establishing that he or she was denied equal access on a particular occasion. *Donald v. Cafe Royale, Inc.,* 218

---

**2.** A person may not be held liable for damages pursuant to Section 52 and Section 54.3 for the same act or failure to act. Cal.Civ.Code § 54.3(c). (West Supp.1996)

Cal.App.3d 168, 266 Cal.Rptr. 804 (1990).[3] The enabling statutes do not require an intentional violation in order for recovery for the disabled individual. *Id.*[4]

Based upon the Findings of Fact previously set forth, it is clear that Plaintiff, as a qualified individual, has met his burden of proof with regard to the discrimination experienced in this action. While the operators and employees of Love's Restaurant made attempts to accommodate disabled individuals who needed to use the restroom on the facilities, Plaintiff was denied reasonable access on April 19, 1996 in this case. While the defense offered that with additional time, patience, and jockeying of the wheelchair, access could have been achieved, this was not reasonable nor consistent with the public policy interest in providing physically handicapped persons with equal access to public facilities and warrants a finding for Plaintiff in this action. We must be guided by reason and the broad construction given to the Unruh Act[5]. The standard cannot be "is access achievable in some manner". We must focus on the equality of access. If a finding that ultimate access could have been achieved provided a defense, the spirit of the law would be defeated. It is clear, that the legislative purpose behind these disability access laws would not support such a finding. Were that the case, the plaintiff in *Donald v. Cafe Royale* would have not been entitled to relief in that he could have been carried up into the principal dining room.[6]

The goodwill and purposeful resolution of the compliance issues certainly indicate the spirit of Defendants to comply with the law.

Their past practice of rendering assistance to disabled persons also supports the lack of any animus toward disabled individuals in the community. On the night in question, however, the clear violation of access standards, and the practical preclusion of Plaintiff from reasonable access to the restroom facilities is undeniable. The physical location and layout of the restroom interfered with full and equal access to the Plaintiff. Plaintiff's standard sized wheelchair, and the necessary attachments and configuration are not something that, in this case, present some atypical anomaly.

B. *An Award of $1,000.00 is Adequate Compensation for Defendant's Denying Plaintiff Equal Access to the Restroom Facilities*

This case essentially focused on damages. Under the Unruh Civil Rights Act, a violation results in liability for each offense for actual damages, up to a maximum of three times the amount, but in no case, no less than one thousand dollars ($1,000.00). Cal.Civ.Code § 52 (West Supp. 1996). Actual damages means compensatory damages that include both special damages for out-of-pocket losses and general damages for emotional distress. *Greenberg v. Western Turf Assoc.,* 140 Cal. 357, 73 P. 1050 (1903). Special damages are characterized as "pecuniarily measurable" for out-of-pocket losses and general damages for emotional distress as "non-quantifiable." *Walnut Creek Manor v. Fair Employment and Housing Commission,* 54 Cal.3d 245, 284 Cal.Rptr. 718, 814 P.2d 704 (1991). Violation

---

3. The Court recognizes that under *Arnold v. United Artists Theatre Circuit, Inc.,* 866 F.Supp. 433 (N.D.Cal.1994) "deterrence" claims have been recognized as actionable under the California Unruh Civil Rights Act. It is unnecessary to address this concept given the specific facts and findings in this case.

4. The public policy interest in providing physically handicapped persons with equal access to public facilities warrants the enactment of a statute prescribing liability for denial of access without reference to a violators intent. 218 Cal.App.3d at 180, 266 Cal.Rptr. 804.

5. "The [California] legislatures desire to banish [discrimination] from California's community life

has led the [California Supreme Court] to interpret the [Unruh] acts coverage 'in the broadest sense reasonably possible' " *Isbister v. Boys Club of Santa Cruz,* 40 Cal.3d 72, 75–76, 219 Cal.Rptr. 150, 707 P.2d 212 (1985) (quoting *Burks v. Poppy Construction Co.,* 57 Cal.2d 463, 468, 20 Cal. Rptr. 609, 370 P.2d 313) (1962).

6. The Cafe Royale had been constructed on three levels. The entry level contained the bar, the piano, raised stools and raised tables and four or five non-raised tables. The main dining area was located on two raised tiers, the first level being 18 inches above the entry level and the second level being 18 inches above the first. These two tiers were accessible only by stairs.

of the ADA is a violation of the Unruh Civil Rights Act, Cal.Civ.Code § 51 (West Supp. 1996), and actual damages suffered, therefore, are compensable. Plaintiff asserted that the mental anguish and humiliation far exceeded the statutory minimum in this case. No special damages were claimed. Plaintiff and his assistant, Mr. Lara, testified that Plaintiff became quite upset on the night in question and that this was manifested in nervousness and shaking. This lasted for three to four days. Defendants contested that any actual damage was suffered by a Plaintiff, and argued that if any were, the Plaintiff was the legal cause due to his unreasonable reaction to the circumstances and his rude and abusive behavior as well as his reluctance to try to access the restroom from the side door. The defense further asserted that if there were, in fact, damages suffered, that the statutory minimum was the appropriate remedy in this case.

The Court finds that the one thousand dollar ($1,000.00) statutory minimum is appropriate based on all of the facts and circumstances submitted at the trial. While the Court finds that there is a violation of the subject statutes, and discrimination for failing to provide equal access to the bathroom facilities, it is hard to ignore the role that Plaintiff, and his assistants, served in bringing about some of the damages sustained. The Court does not seek to minimize the violation of the applicable statutes in assessing damages; however, it is clear that the humiliation and suffering are limited by the facts to a circumstance where Plaintiff's use of the parking lot to relieve himself was an unwitnessed event and not occasioned by criminal sanctions or physical injury or property damage. It was certainly disconcerting to have to use the parking lot in the manner described, and this is the very type of circumstance that the minimum damage amount in the statute is no doubt designed to address. If Plaintiff had soiled himself, been observed by others, ridiculed, accosted or physically injured in seeking to relieve himself or the victim of some other malady, then more than the minimum compensation would be appropriate.

It was not reasonable for Plaintiff to have to undergo an extensive or extended process to access the ladies room. It is clear, however, that his impatience, and that of his helpers, caused a portion of the anguish and the escalation of emotion in the proceedings on the evening in question. The testimony of Ms. Sellars was credible in this regard. The Court finds that reduction of the actual damages would be appropriate as a function of apportionment based on legal cause [7], however, the statutory minimum renders further analysis moot in this regard.

### *Conclusion*

Based on the above findings of fact and conclusions of law, the Court finds in favor of Plaintiff, Ralph Boemio, and against Defendant, Love's Restaurant.

IT IS SO ORDERED, ADJUDGED AND DECREED THAT:

Judgment is hereby entered in favor of Plaintiff and against Defendant in the amount of $1,000.00.

---

7.   See Cal.Civ.Code § 3333 (West 1970).